# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

CHERYL THOMAS, :

    Plaintiff, :

vs. :     CA 17-0448-MU

NANCY A. BERRYHILL, :
Acting Commissioner of Social Security,
: 

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Cheryl Thomas brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 30 & 32 (notice, consent, and reference of a civil action to a Magistrate Judge)). Upon consideration of the administrative record, Plaintiff's brief, the Commissioner's brief, and the parties' arguments at the August 8, 2018 hearing before the undersigned, the Court concludes that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 30 & 32 (providing that a final judgment entered by a magistrate judge "may then be appealed directly to the United States court of appeals like any other judgment of this court.")).

## I. Procedural Background

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income on October 8, 2014, alleging disability beginning on August 1, 2012. (*See* Tr. 180-92). Thomas's claims were initially denied on November 5, 2014 (Tr. 72, 83 & 94-104) and, following Plaintiff's January 13, 2015 written request for a hearing before an Administrative Law Judge ("ALJ") (*see* Tr. 105-06), a hearing was conducted before an ALJ on June 22, 2016 (Tr. 37-71). On October 3, 2016, the ALJ issued a decision finding that the claimant was not disabled and, therefore, not entitled to a period of disability, disability insurance benefits, or supplemental security income. (Tr. 21-32). More specifically, the ALJ proceeded to the fifth step of the five-step sequential evaluation process and determined that Thomas retains the residual functional capacity to perform those jobs identified by the vocational expert ("VE") during the administrative hearing (*compare id.* at 31-32 *with* Tr. 65-66). On November 29, 2016, the Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (Tr. 179); the Appeals Council denied Thomas's request for review on August 8, 2017 (Tr. 1-3). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

Plaintiff alleges disability due to bipolar disorder, anxiety, and depression. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3. The claimant has the following severe impairments: bipolar disorder, depression, and anxiety (20 CFR 404.1520(c) and 416.920(c)).**
>
> . . .
>
> **4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the**

listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

. . .

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to simple, routine, and repetitive tasks with simple work-related decisions in the work environment with only occasional interaction with supervisors (supportive criticism), no contact with the public, and only gradual and well explained changes in a routine work setting. The claimant can work around coworkers, but would work best in a well-spaced work setting with no teamwork activities or direct interaction with them.

. . .

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

. . .

7. The claimant was born on September 22, 1977, and was 34 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

. . .

**11. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).**

(Tr. 23, 24, 26, 31 & 32 (emphasis in original)).

## II. Standard of Review and Claims on Appeal

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation

> to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform h[is] past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[2] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden, at the fourth step, of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Although "a claimant bears the burden of demonstrating an inability to return to her past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987)

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

(citations omitted). If a plaintiff proves that she cannot do her past relevant work, as here, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *cert. denied,* 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform those jobs identified by the VE during the administrative hearing, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[3] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "'[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if

---

[3] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

the decision reached is supported by substantial evidence.'" *Id.* (quoting *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004)).

On appeal to this Court, Thomas asserts two reasons the Commissioner's decision to deny her benefits is in error (*i.e.,* not supported by substantial evidence): (1) the ALJ committed reversible error in assigning little weight to the medical opinions provided by her treating physicians, Dr. Mario Tulao and Dr. Jacobo A. Cruz, while assigning great weight to the State agency medical consultant; and (2) the ALJ erred in finding that she can perform sustained competitive work activity. Since both of Plaintiff's claims take aim at the ALJ's RFC determination, the undersigned considers Plaintiff's assignment of errors through the "prism" of the ALJ's RFC determination.

The responsibility for making the residual functional capacity determination rests with the ALJ. *Compare* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity.") *with, e.g., Packer v. Commissioner, Social Security Admin.*, 542 Fed. Appx. 890, 891-892 (11th Cir. Oct. 29, 2013) (per curiam) ("An RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments. There is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, i.e., where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." (internal citation omitted)). A plaintiff's RFC—which "includes physical abilities, such as sitting, standing or walking, and mental abilities, such as the ability to understand, remember and carry out instructions or to respond appropriately to

supervision, co-workers and work pressure[]"—"is a[n] [] assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins v. Commissioner of Social Security,* 457 Fed. Appx. 868, 870 n.5 (11th Cir. Feb. 9, 2012) (citing 20 C.F.R. §§ 404.1545(a)-(c), 416.945(a)-(c)); *see also* 20 C.F.R. § 404.1545(a)(3) (in assessing RFC, the Commissioner is required to consider "descriptions and observations of [the claimant's] limitations from [] impairments, including limitations that result from [] symptoms, such as pain, provided by [the claimant] . . . .").

To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has "'provide[d] a sufficient rationale to link'" substantial record evidence "'to the legal conclusions reached.'" *Ricks v. Astrue*, 2012 WL 1020428, *9 (M.D. Fla. Mar. 27, 2012) (quoting *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005)); *compare id. with Packer v. Astrue*, 2013 WL 593497, *4 (S.D. Ala. Feb. 14, 2013) ("'[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.'"), *aff'd,* 542 Fed. Appx. 890 (11th Cir. Oct. 29, 2013); *see also Hanna v. Astrue*, 395 Fed. Appx. 634, 636 (11th Cir. Sept. 9, 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review. . . . Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which we can review [a plaintiff's] case." (internal citation

omitted)).[4] However, in order to find the ALJ's RFC assessment supported by substantial evidence, it is not necessary for the ALJ's assessment to be supported by the assessment of an examining or treating physician. *See, e.g., Packer, supra,* 2013 WL 593497, at *3 ("[N]umerous court have upheld ALJs' RFC determinations notwithstanding the absence of an assessment performed by an examining or treating physician."); *McMillian v. Astrue*, 2012 WL 1565624, *4 n.5 (S.D. Ala. May 1, 2012) (noting that decisions of this Court "in which a matter is remanded to the Commissioner because the ALJ's RFC determination was not supported by substantial and tangible evidence still accurately reflect the view of this Court, but not to the extent that such decisions are interpreted to require that substantial and tangible evidence must—in all cases—include an RFC or PCE from a physician" (internal punctuation altered and citation omitted)); *but cf. Coleman v. Barnhart,* 264 F.Supp.2d 1007 (S.D. Ala. 2003).

---

[4] It is the ALJ's (or, in some cases, the Appeals Council's) responsibility, not the responsibility of the Commissioner's counsel on appeal to this Court, to "state with clarity" the grounds for an RFC determination. Stated differently, "linkage" may not be manufactured speculatively by the Commissioner—using "the record as a whole"—on appeal, but rather, must be clearly set forth in the Commissioner's decision. *See, e.g., Durham v. Astrue*, 2010 WL 3825617, *3 (M.D. Ala. Sept. 24, 2010) (rejecting the Commissioner's request to affirm an ALJ's decision because, according to the Commissioner, overall, the decision was "adequately explained and supported by substantial evidence in the record"; holding that affirming that decision would require that the court "ignor[e] what the law requires of the ALJ[; t]he court 'must reverse [the ALJ's decision] when the ALJ has failed to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted'" (quoting *Hanna*, 395 Fed. Appx. at 636 (internal quotation marks omitted))); *see also id.* at *3 n.4 ("In his brief, the Commissioner sets forth the evidence on which the ALJ *could have* relied . . . . There may very well be ample reason, supported by the record, for [the ALJ's ultimate conclusion]. However, because the ALJ did not state his reasons, the court cannot evaluate them for substantial evidentiary support. Here, the court does not hold that the ALJ's ultimate conclusion is unsupportable on the present record; the court holds only that the ALJ did not conduct the analysis that the law requires him to conduct." (emphasis in original)); *Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave.").

The ALJ's RFC assessment ("**[T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to simple, routine, and repetitive tasks with simple work-related decisions in the work environment with only occasional interaction with supervisors (supportive criticism), no contact with the public, and only gradual and well explained changes in a routine work setting. The claimant can work around coworkers, but would work best in a well-spaced work setting with no teamwork activities or direct interaction with them.**")(Tr. 26), in his October 3, 2016 decision (*see* Tr. 32) all but tracks the mental RFC assessment completed by non-examining psychologist Dr. Linda Duke almost two years earlier on November 5, 2014 (*see, e.g.,* Tr. 77-80 (non-examiner noted that Thomas could remember and carry out short simple instructions, needs a flexible schedule and a well-spaced work setting but can maintain attention sufficiently to complete simple tasks without the need for special supervision, contact with the general public should not be a usual work duty, supervision should be tactful and supportive, and changes in the work environment or work expectations should be introduced gradually)). Even though an ALJ's RFC determination need not be supported by an RFC assessment from a treating or examining source, *see, e.g., McMillian, supra,* at *4 n.5—here, the ALJ rejected the RFC assessments provided by two different treating sources (*see* Tr. 29-30)—and there is no inherent problem in adopting the RFC assessment of a non-examining source, as was done here, the ALJ failed to link the RFC assessment he adopted from Dr. Duke to substantial record evidence arising after November 5, 2014. In other words, the ALJ in this case did not state with clarity in his

decision how the evidence of record after November 5, 2014, which constitutes the bulk of the evidence in this case (*see* Tr. 292-350 & 359-371; *compare id. with* Tr. 273-91 (evidence in existence prior to November 5, 2014)), substantially supports his findings regarding Plaintiff's abilities to perform the mental requirements of work. *See Packer, supra,* at *4 (ALJ must link RFC assessment to specific evidence bearing on the claimant's ability to perform the mental requirements of work).[5] At best, the ALJ in this case linked his RFC assessment to substantial evidence in the record as of November 5, 2014 but failed to carry this linkage beyond November 5, 2014 through to the date of his decision. Accordingly, because it is unclear to this Court whether substantial evidence supports the ALJ's RFC findings, with respect to Plaintiff's mental condition from November 5, 2014 through the hearing decision date of October 3, 2016, this case must be reversed and remanded to the Commissioner for further consideration not inconsistent with this decision.

---

[5] The undersigned would simply note evidence of record generated after November 5, 2014 documenting Thomas's sad or irritable mood and affect (Tr. 293, 296, 299, 307, 311, 313, 316, 324 & 337), impaired memory and concentration (Tr. 294, 296, 304, 305, 313, 319 & 322), racing thoughts (Tr. 299, 311, 329, 331, 333, 340, 342 & 350), and moderate or severe anxiety (Tr. 297, 300, 304, 308, 310, 312, 317, 325, 329, 331, 333, 338, 340, 343 & 350).

## **CONCLUSION**

In light of the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 17th day of August, 2018.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**